

**08 CIV 7175**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & N SALES, LLC and<br>JADE MARKETING GROUP, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLOTTE RUSSE HOLDING, INC.,<br><br>    Defendant. | Case No.<br><br><br><br><br><br>VERIFIED COMPLAINT |

Plaintiffs J & N Sales LLC and Jade Marketing group LLC assert the following as their complaint against defendant Charlotte Russe Holding, Inc.

1.  Plaintiff J & N Sales, LLC is a limited liability company organized and existing under the laws of the State of Connecticut, having an office at 76 LaSalle Road, West Hartford, Connecticut, and an office and showroom at 450 Seventh Avenue, New York, New York ("J&N").

2.  Plaintiff Jade Marketing Group LLC is a limited liability company organized and existing under the laws of the State of Connecticut, having an office at 76 LaSalle Road, West Hartford, Connecticut, and an office and showroom at 450 Seventh Avenue, New York, New York ("Jade").

3.  Upon information and belief, defendant Charlotte Russe Holding, Inc. is a corporation organized and existing under the laws of the State of Delaware, having an office at 4645 Morena Boulevard, San Diego, California ("CRH"), and is doing business within this judicial district in the Manhattan Mall at 1275 Broadway, New York, New York, and at twenty-four other store locations within the State of New York.

4.    This is an action for infringement of a registered trademark, unfair competition, false designation of origin and dilution in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, deceptive business practices and false and misleading advertising in violation of N.Y.GEN.BUS.LAW §§ 349 and 350, and unfair competition and unjust enrichment under the common law of New York. This court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1114, 1121(a), 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) and (c).

<u>Claim I: Infringement of Registered Trademark</u>

5.    J&N is the owner of United States Trademark Registration No. 3,067,928, issued March 14, 2006 to Fashion Links LLC for the trademark AMETHYST for women's, misses' and children's apparel, namely, jeans and pants in international class 25, and assigned to J&N by an instrument recorded in the United States Patent and Trademark Office on December 9, 2005. Copies of the registration certificate, assignment and recordal confirmation are annexed as <u>Exhibit A</u> to this complaint.

6.    Jade has been licensed by J&N under the AMETHYST trademark and its registration since December 2005.

7.    J&N, through its licensee, Jade, and its predecessor in interest, Fashion Links, LLC, has been using the trademark AMETHYST in commerce in the advertising, marketing and sale of young women's denim jeans since at least as early as July 18, 2005 and since long prior to the acts of defendants complained of herein. The mark is embroidered and appears on tags on plaintiffs' garments (<u>Exhibit B</u>), on permanently affixed waistband labels and buttons(<u>Exhibit C</u>), is advertised in *Seventeen* magazine (<u>Exhibit D</u>), on plaintiffs' web site www.amethystjeans.com, in retail stores (<u>Exhibit E</u>), and at event promotions (<u>Exhibit F</u>). Jade has marketed AMETHYST jeans extensively

2

throughout the United States since 2005, spending over $100,000 in advertising, and the mark has become a symbol of valuable good will inuring to the benefit of J&N.

8.      Plaintiffs' AMETHYST jeans have rapidly gained favor in the mid-price market for young women, teenage and "tween" age girls in retail clothing stores nationwide. Plaintiffs have sold millions of dollars worth of AMETHYST® jeans since their introduction to market in 2005. Annual sales have increased many-fold from year-to year, accelerating the market share of AMETHYST® jeans vis-a-vís its competitors, including defendant. During this time, and long prior to defendants' acts alleged herein, plaintiffs' AMETHYST trademark has come to be relied upon in the trade and among consumers as identifying women's jeans and apparel from a single source and distinguishing them from the goods of others. The AMETHYST trademark represents and symbolizes a valuable business and good will belonging exclusively to plaintiff J&N.

9.      Plaintiffs' AMETHYST® jeans are sold in retail stores nationwide, including Deb Shops, Duckwall, Glik's, Gordman's, Goody's, Gottschalk's, Mandee, Peebles, Vanity Shops and Wet Seal, averaging between $25 and $35 per pair.

10.     Upon information and belief, defendant CRH owns and operates over 300 girls' and young women's retail clothing stores under the name, "Charlotte Russe," in shopping malls throughout the United States. Defendant CRH targets, in its stores, the same young women's, teenage and tween-age girls market for apparel, including denim jeans, to which plaintiffs' AMETHYST® jeans are marketed and sold.

11.     Defendant CRH is aware and, since long prior to its acts complained of herein, has been aware of plaintiffs' AMETHYST® jeans and trademark and the valuable good will represented and symbolized thereby.

12.     Notwithstanding defendant CRH's awareness and, indeed, because of its awareness, CRH embarked upon a deliberate and willful scheme to copy plaintiffs' registered AMETHYST trademark to identify a fit of its girls' jeans sold in Charlotte Russe stores, thereby falsely designating the origin of its jeans for the purpose of unfairly competing with plaintiffs. In furtherance of its scheme, CRH endorsed the hang-tags of its jeans with a copy of plaintiffs' AMETHYST mark (Exhibit G), named a style of its jeans "AMETHYST" on its web site (Exhibit H), and displayed signs promoting its "AMETHYST" style in Charlotte Russe stores (Exhibit I).

13.     Defendant CRH's use in commerce of "AMETHYST" in connection with the sale, offer for sale, advertising, promotion and distribution of denim jeans constitutes a reproduction, counterfeit, copy or colorable imitation of plaintiffs' registered AMETHYST trademark that is likely to cause confusion, to cause mistake or to deceive.

14.     The aforesaid acts of CRH constitute infringement of plaintiffs' registered trademark in violation of 15 U.S.C. § 1114, and have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law. Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

<u>Claim II: False Designation of Origin</u>

15.     Plaintiffs repeat and reallege the allegations of paragraphs 5 through 14 above as though fully set out here.

16.     Defendant CRH's use in commerce of plaintiffs' registered AMETHYST trademark constitutes false designation of origin and/or a false or misleading description or misrepresentation of fact, which is likely to cause confusion, to cause

4

mistake or to deceive the relevant public as to the source, origin, sponsorship, quality and/or approval of CRH goods in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17.    The aforesaid acts of unfair competition by CRH have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.  Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

## Claim III: Trademark Dilution

18.    Plaintiffs repeat and reallege the allegations of paragraphs 5 through 17 above as though fully set out here.

19.    Defendant CRH's unauthorized use of plaintiffs' famous mark is causing dilution of the distinctive quality of plaintiffs' registered AMETHYST trademark in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

20.    The aforesaid acts of dilution by CRH have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.  Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

## Claim IV: Unfair Competition

21.    Plaintiffs repeat and reallege the allegations of paragraphs 5 through 20 above as though fully set out here.

22.    Defendant CRH was aware of plaintiffs' distinctive, registered AMETHYST trademark when it copied it and, as part of its willful and deliberate scheme to cause confusion, mistake and to deceive in directly competing with plaintiffs in the marketing and sale of women's and girls' denim jeans, has willfully and in bad faith copied

plaintiffs' registered trademark without authorization, and has misappropriated it for its own benefit, with full knowledge of and in intentional disregard of plaintiffs' rights.

23.    Defendant CRH, in furtherance of its unlawful scheme to defraud the trade and the public and to unfairly compete with plaintiffs, to pass-off its goods as those of plaintiffs and to wilfully deceive plaintiffs' customers and consumers has, through its misrepresentations and other acts complained of herein, intentionally caused confusion and misunderstandings among wholesalers, importers, mail order merchandisers, plaintiff's customers and the public that the garments sold and offered for sale by defendant CRH are the genuine products of or sponsored by plaintiffs.

24.    Defendant CRH's unauthorized use of plaintiffs' AMETHYST trademark and aforesaid acts constitute copying, infringement and misappropriation of plaintiffs' AMETHYST trademark rights and unfair competition under common law.

25.    The aforesaid acts of unfair competition by CRH have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.  Unless such acts are restrained and enjoined by this Court, they will continue to cause plaintiffs great harm and irreparable injury.

<u>Claim V: Deceptive Business Practices</u>

26.    Plaintiffs repeat and reallege the allegations of paragraphs 5 through 25 above as though fully set out here.

27.    Defendant's aforesaid acts constitute deceptive trade practices within the State of New York and this judicial district in violation of section 349 of the General Business Law of the State of New York, N.Y.GEN.BUS.LAW § 349.

28.    Defendant's deceptive acts have caused and will continue to cause great harm and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at

law and, unless such acts are restrained and enjoined by this Court, will continue to cause plaintiffs to suffer great harm and irreparable injury.

Count VI: False and Misleading Advertising

29.    Plaintiffs repeat and reallege the allegations of paragraphs 5 through 28 above as though fully set forth here.

30.    Defendant's aforesaid acts constitute false and misleading advertising within the State of New York and this judicial district in violation of section 350 of the General Business Law of the State of New York, N.Y.GEN.BUS.LAW § 350.

31.    Defendant's illegal acts have caused and will continue to cause great and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law and, unless such acts are restrained and enjoined by this Court, will continue to cause plaintiffs to suffer great harm and irreparable injury.

Count VII: Unjust Enrichment

32.    Plaintiffs repeat and reallege the allegations of paragraphs 5 through 30 above as though fully set forth here.

33.    Defendant CRH benefitted financially and gained an unfair market advantage by its aforesaid wrongful acts of unfair competition and is therefore liable to plaintiffs in the amount and value of the benefits by which it was unjustly enriched.

WHEREFORE, plaintiffs pray:

A.    that defendant CRH, its officers, directors, agents, employees, attorneys, successors and assigns and all those in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained:

(i)    from using in connection with the distribution, shipping, promotion, advertising, sale or offer for sale of women's and girl's apparel the designation "Amethyst" or any other name or designation comprised in part of the term "Amethyst", any colorable imitation thereof, or any other designation so similar in sound, appearance or significance to plaintiffs' AMETHYST trademark as to be likely to cause confusion, to cause mistake or to deceive or to dilute the distinctive quality of plaintiffs' AMETHYST mark;

(ii)    from affixing, applying or annexing, or using in connection with apparel products, or on any labels, tags, packaging or containers therefor, the designation "Amethyst," any colorable imitation thereof, or any other designation so similar in sound, appearance or significance to plaintiffs' AMETHYST trademark as to be likely to cause confusion, to cause mistake or to deceive or to dilute the distinctive quality of plaintiffs' AMETHYST mark or to constitute a false description or false or misleading designation of origin; and

(iii)    from making any representation that any garment imported, distributed, sold, advertised, promoted or offered for sale by defendant is a product of plaintiffs, or from the same source thereof, or doing any other act or thing calculated or likely to cause confusion or mistake among members of the trade or public into the false belief that defendant's goods are the goods of plaintiffs, or come from or are affiliated with or sponsored by plaintiffs or come from the source of genuine AMETHYST apparel or from the same source as plaintiffs' apparel, or from otherwise competing unfairly with plaintiffs, injuring their business reputation, or misappropriating their valuable good will;

8

B.    that defendant CRH be ordered to deliver up for destruction all packages, containers, inserts, instructions, specifications, labels, wrappers, decals, advertisements, signs, brochures, catalogs, sell sheets, and other printed matter, photographs or depictions which comprise, embody, bear or contain plaintiffs' AMETHYST trademark or any reproduction, copy, simulation, counterfeit, or colorable imitation thereof, together with all molds, matrices, plates, negatives, image scans, computer memory discs or other means of making or reproducing the same;

C.    that defendant be ordered to file with the Court and serve upon plaintiffs within thirty days after service of the injunction issued in this action a written report, pursuant to 15 U.S.C. § 1116, setting forth under oath in detail the manner in which defendant has complied with the terms of the injunction;

D.    that the Court hold an accounting of the profits realized by defendant in the sale of apparel in connection with which defendant used or misappropriated plaintiffs' AMETHYST trademark as complained of herein, together with such sum as the Court herein finds to be just, and that plaintiff recover defendant's profits arising from the conduct complained of herein;

E.    that plaintiffs recover their actual damages suffered as a result of defendant's illegal acts complained of herein;

F.    that plaintiffs recover an amount equal to three times the profits and actual damages so determined;

G.    that plaintiffs recover, at their option, statutory damages of up to $1,000,000 per type or style of goods sold, offered for sale, or distributed in connection with plaintiffs' AMETHYST trademark;

H.    that the Court award to plaintiffs their costs and attorneys' fees incurred in connection with this action; and

I.    that plaintiffs have such other and further relief as this Court deems just and appropriate.

August 6, 2008                          J & N SALES, LLC and
                                        JADE MARKETING GROUP, LLC


                              By:    _____
                                     James A. Power Jr  (SDNY JP8491)

                                     POWER DEL VALLE LLP
                                     233 West 72 Street
                                     New York, New York 10023
                                     (212) 877-0100
                                     *Attorneys for Plaintiffs*




                        Verification

Edwin W. Davidson declares under penalty of perjury that he is a managing director of J & N Sales, LLC and Jade Marketing Group LLC, that he has read the foregoing complaint and that the matters alleged therein are true and correct to the best of his knowledge and belief.

August 6, 2008

                                        _____
                                        Edwin W. Davidson











*Authentic*
**AMETHYST
JEANS**



*Authentic*
**AMETHYST JEANS**

amethystjeans.com













< back to **Refuge Denim**

## Amethyst Jean
## $29.99

The Amethyst Jean is the updated version of the Tuscany Jean featuring a super low 7 1/2" rise, flare leg with a 20" opening, two 5th pockets at the front, wide hem detail, and is available in dark and medium washes. Available inseams are 30", 32", and 34". Machine washable.

Mfg Style : 300848469

98% Cotton/2% Spandex | Country Of Origin : Imported

color:  Medium Wash Denim

size:  Select Size

qty:  1

**add to shopping bag ›**    add to wishlist  |  send to a friend

Gift Wrap Available

